David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorney for Plaintiff
Mira Holdings, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mira Holdings, Inc., a Minnesota Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>A. Augis, a foreign corporation; and Arthus Bertrand, a foreign corporation;<br><br>    Defendants. | Case No._____<br><br>**COMPLAINT FOR:**<br>**1.) DECLARATORY RELIEF LANHAM ACT, 15 U.S.C. §1114(2)(D)(iv) and §1125 (a) and**<br>**2.) REVERSE DOMAIN NAME HIJACKING ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1114(2)(D)(v) and §1125(d)** |

For its Complaint, Plaintiff Mira Holdings, Inc. ("Mira") alleges as follows:

**NATURE OF THE CONTROVERSY/JUDISCTION/VENUE**

1.  This is a civil action for Declaratory Judgment under the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a); and reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(v) (the "ACPA").

2.  This Court has personal jurisdiction over Defendants as they have consented to jurisdiction by this court in selecting "Registrar" as "Mutual Jurisdiction" for resolution of this matter, in a Complaint filed with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

3. Venue in this Court exists as the office of the Registrar of the domain name, GoDaddy.com, LLC. is located in Scottsdale, Maricopa County, Arizona, and, pursuant to 28 U.S.C. § 1391(b)(1) and (c), as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4. Plaintiff, Mira Holdings, Inc, is a Minnesota Corporation with its office at 2801 Hennepin Avenue, Suite 159, Minneapolis, Minnesota 55408.

5. On information and belief, Defendants, A. Augis and Arthus Bertrand, are French Corporations having a principal place of business in France.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff Mira is the registrant of the internet domain name Augis.com. The domain name has been "locked" by the registrar, GoDaddy.com, and is at immediate risk of being transferred away from Plaintiff by, and as a result of, the actions of Defendants, who claim trademark rights and certain other rights with respect to the term and the domain name Augis.com. Plaintiff Mira seeks a determination by this court that the Plaintiff's registration and/or use of Augis.com is not, and has not been in violation of the ACPA and that Plaintiff's use of Augis.com constitutes neither an infringement, a threat of dilution of Defendant's trademark nor a violation of the ACPA.

7. This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges it is the owner of a trademark and assert spurious claims of trademark infringement and trademark dilution against the owner of a domain name whose chosen domain name is similar or identical to the registered trademark. Defendants are attempting to wrest control of Plaintiff's domain name by asserting baseless allegations of trademark infringement, trademark dilution and cybersquatting.

8. Plaintiff is in the business of acquiring and using for lawful business purposes, various generic domain names as and when they become available, for leasing, sale or email services.

9. The disputed Domain Name Augis.com was originally purchased by the Plaintiff for a cost of $454 in 2014. Pursuant to its business plan, Plaintiff purchased and registered the domain name on or about July 7, 2014, in good faith at which time (and at all times subsequent thereto) Plaintiff believed and has had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful, and has "parked" it with a reputable monetizer, Bodis.com, since acquisition. The Plaintiff does not exercise any control over the parking services provided by Bodis.com.

10. Plaintiff's acquisition of the domain name Augis.com was subsequent to Defendants' abandonment of it in 2013 by failure to renew it. At no time in the eleven years since Defendant's own abandonment of the domain name has the Defendant claimed that such abandonment was unintentional. Plaintiff is entitled to rely upon Defendants' abandonment of the domain name and subsequent acquiescence therein for eleven years.

11. Plaintiff is in the business of registering domain names and using them for email addresses or sale or lease; is the registrant of many domain names corresponding to non-distinctive and non-exclusive dictionary words, phrases, foreign words, and surnames and has accumulated over 1,000 domain names that are used in this manner.

12. Plaintiff has registered similar first name or surname domain names for the same lawful purpose, including cavanagh.com, obermaier.com, buccelli.com, and harck.com, among others.

13. On information and belief, Defendants possess no US trade or service mark rights in the term "AUGIS".

14. AUGIS is a non-distinctive and non-exclusive business name and surname used by many organizations, groups, and individuals.

15. There are no trade or service marks registered under the Lanham Act with the United States Patent and Trademark Office consisting of or comprising the term "Augis".

16. The term "AUGIS" appears in various concurrently used internet domain names. For example, Augis.org is the website for the "Association of Upper Gastrointestinal Surgery" of Great Britain and Ireland organization. KarineAugis.com is an e-commerce website that sells "hand bags" and "luggage." In addition, NicolasAugis.com is the professional website for Senior Software Developer, "Nicolas Augis", thus demonstrating that various parties might seek to obtain the Augis.com domain name as a marketable commodity.

17. On Sept. 23, 2024, Defendants jointly filed a Complaint thereby initiating an administrative dispute proceeding against Plaintiff with the World Intellectual Property Organization (WIPO) in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") against the Plaintiff for the domain name Augis.com. On or about Sept. 26th, 2024, the registrar of the domain name, GoDaddy.com "locked" the domain name, thereby prohibiting Plaintiff from utilizing the domain name in accordance with the uses typically enjoyed by a registrant of a domain name. The action to "lock" the domain name was in accordance with the UDRP and associated procedures.

18. As of the date of the filing of this complaint, the domain name continues to be "locked" pending the UDRP decision.

19. In the UDRP Complaint, the Defendants admit their objective is to obtain control of the Augis.com domain name which is the subject of a registration agreement with registrar GoDaddy.com in this judicial district.

20. Defendants' initiation of the UDRP proceeding has caused the registrar to "lock" the domain name beyond the Plaintiff's ordinary control of it, in this judicial district.

21. Plaintiff's registration and use of Augis.com that may be legitimately marketed to any of the various parties who may desire to use it is a fair or otherwise lawful use of the domain name.

22. Plaintiff was unaware of the Defendants or their foreign trademark claims at the time Plaintiff registered the domain name, and thus could not have registered the domain name in "bad faith" under 15 U.S.C. §1125(d).

23. Plaintiff reasonably believes its registration and use of the domain name is lawful under the Lanham Act and under the Anti-Cybersquatting Consumer Protection Act.

24. At no time, did the Plaintiff register or use the domain name Augis.com in "Bad Faith" as defined by 15 U.S.C. §1125.

25. Due to the lock imposed by the registrar in this judicial district, and the imminent threat of transfer of the domain name to the Defendants, Plaintiff has brought this action for a determination under 15 U.S.C. §1114(2).

26. This Court has subject matter jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Plaintiff's registration and use of Augis.com in this judicial district is lawful under the ACPA and the Lanham Act.

27. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's use of the term Augis.com as its domain name infringes Defendant's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

28. At all times, Plaintiff utilized the domain name in a bona fide manner for bona fide purposes.

29. Plaintiff has not had any intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

30. Plaintiff has not provided material and misleading false contact information when applying for the registration of the domain name. Plaintiff did not fail to maintain

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

accurate contact information with respect to the domain name in question or with respect to any other domain name.

31. Plaintiff's use of Augis.com is a fair or otherwise lawful use of the term.

32. Because of the actions of Defendant, and its claims of trademark infringement and dilution, Plaintiff faces losing valuable rights in its Internet domain name.

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**
**Lanham Act, 15 U.S.C. §§ 1114(2)(D)(v) & 1125(a)**

33. Plaintiff Mira incorporates by reference the factual allegations set forth in Paragraphs 7 through 31 above.

34. The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for an injunctive relief to the domain name registrant, including the reactivation of the domain name. 15 U.S.C.§ 1114(2)(D)(v).

35. Section 1114(2)(D)(v) provides a registrant who is threatened with the loss of its domain name under the UDRP with a cause of action for an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

36. Defendants, collectively or individually, do not possess trade or service mark rights under the Lanham Act and did not possess any such rights at the time Plaintiff registered the domain name.

37. Plaintiff did not register the domain name Augis.com with the bad faith intent to profit from the goodwill of defendant.

38. Plaintiff is entitled to have the unencumbered use of the domain name Augis.com and to have the domain name reactivated and to have any and all suspensions or transfers terminated and prohibited.

39. Unless this Court issues a Judgment that Plaintiff is entitled to maintain registration of its Domain Name, Augis.com, the threatened transfer of the Domain Name to Defendant will damage Plaintiff irreparably. Mira Holdings, Inc. has no adequate remedy at law.

40. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Mira Holdings, Inc. is thus entitled to an award of attorney's fees and costs.

41. Alternately, Mira Holdings, Inc. is entitled to elect statutory damages instead of actual damages and profits, pursuant to 15 U.S.C. §1117 (d).

**SECOND CLAIM FOR RELIEF**
**Anticybersquatting Consumer Protection Act (ACPA)**
**15 U.S.C. § 1125(d) and § 1114(2)(D)**

42. Plaintiff Mira incorporates by reference the factual allegations set forth in Paragraphs 7 through 40 above.

43. 15 U.S.C. § 1114(2)(D)(iv) provides that when a registrar takes an action to transfer a domain name "based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys' fees, incurred by the domain name registrant as a result of such action."

44. Section 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this Act." Under this section, a "court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name back to the domain name registrant."

45. Plaintiff Mira's registration and use of the domain Name Augis.com was not unlawful under Title 15, United States Code, § 1114(2)(D)(v) or §1125(d).

**WHEREFORE**, Plaintiff Mira Holdings, Inc., prays for judgment against Defendants as follows:

A. For a declaration by the Court, that Defendants have no trademark rights in the domain name that are subject to protection in the United States;

B. For a declaration by the Court, pursuant to 15 U.S.C. § 1114(2)(D)(iv)(v), Plaintiff is entitled to registration, ownership and use of the domain name Augis.com;

C. For a declaration by the Court, pursuant to 28 U.S.C. § 2201, Plaintiff's registration of the Domain Name is lawful and does not infringe on any trade or service mark right the Defendants may claim in the United States;

D. For a declaration by the Court that Defendants have attempted unlawfully to interfere with Plaintiff's rights and expectations under its domain name registration.

E. Damages according to proof at trial;

G. Cost and expenses, including costs under 15 U.S.C. § 1114(2)(D)(iv)-(v) and reasonable attorneys fees; and

H. For such other and further relief as this Court deems just and proper.

DATED: October 18, 2024.

                **GINGRAS LAW OFFICE, PLLC**

                */s/ David S. Gingras*
                David S. Gingras, Esq.
                Attorney for Plaintiff
                Mira Holdings, Inc.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

**JURY DEMAND**

Demand for Jury Trial Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues so triable.